UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE TAYLOR #112401,

      Plaintiff,

v.

CORIZON MEDICAL
CORPORATION and THE
MICHIGAN DEPARTMENT
OF CORRECTIONS,

      Defendants.
_____/

Case No. 2:17-cv-12271
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION REGARDING DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS (DE 17)

**I.**    **RECOMMENDATION**: The Court should **GRANT** Defendant Michigan Department of Corrections' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (5) and **DISMISS WITH PREJUDICE** Plaintiff's claims against this Defendant.

**II.**    **REPORT**

    **A.**    **Background**

Plaintiff, a state inmate who is proceeding without the assistance of counsel, filed this action on July 11, 2017, along with an application to proceed *in forma pauperis*, naming as Defendants Corizon Medical Corporation ("Corizon") and the

1

Michigan Department of Corrections (MDOC).  (DEs 1, 2.)  In his complaint, Plaintiff alleges that he is not receiving adequate medical care for his glaucoma and cataracts, and he asserts claims for deliberate indifference to his serious medical needs against Corizon and the MDOC.  (DE 1 at 3.)

On October 23, 2017, Defendant MDOC filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) ad (5).  (DE 17.)  Defendant MDOC argues that Plaintiff's claims against it are barred by absolute immunity under the Eleventh Amendment to the United States Constitution, which prevents a state and its officials from being sued in federal court without its consent.  (DE 17 at 5-7.)  On December 19, 2017, Plaintiff filed a "notice of agreement to Defendant (MDOC) motion to dismiss." (DE 23.)  Plaintiff states that he "has researched defendant's argument, and does agree with the same."  (*Id.*)

### B. Defendant MDOC's motion to dismiss should be granted

Plaintiff expressly concurs with Defendant MDOC's motion to dismiss, and it should be granted on that basis.  (See DE 23.)  In addition, the undersigned has reviewed Defendant MDOC's motion to dismiss and agrees that it is well-settled that the MDOC is absolutely immune from suit under the Eleventh Amendment and the MDOC is not a "person" amenable to suit for monetary damages under 42 U.S.C. § 1983.  *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citations omitted).

### C. Conclusion

Accordingly, the Court should **GRANT** Defendant MDOC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (5) and dismiss Plaintiff's claims against it **WITH PREJUDICE**.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 3, 2018               s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 3, 2018, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti