UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE TAYLOR,

        Plaintiff,                      Case No. 2:17-cv-12271
                                            District Judge David M. Lawson
v.                                           Magistrate Judge Anthony P. Patti

CORIZON MEDICAL
CORPORATION and THE
MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendants.
_____/

## ORDER CONDITIONALLY GRANTING REQUEST FOR RECRUITMENT OF COUNSEL AND REFERRING THIS MATTER TO THE *PRO BONO* ADMINISTRATOR FOR RECRUITMENT OF COUNSEL

Plaintiff, Maurice Taylor, a state inmate who is proceeding without the assistance of counsel, filed this action on July 11, 2017, along with an application to proceed *in forma pauperis*, naming as Defendants Corizon Medical Corporation ("Corizon") and the Michigan Department of Corrections (MDOC). (DEs 1, 2.) In his complaint, Plaintiff alleges that he is not receiving adequate medical care for his glaucoma and cataracts, and he asserts claims for deliberate indifference to his serious medical needs against Corizon and the MDOC. (DE 1 at 3.)

On July 19, 2017, the Court entered an Order denying Plaintiff's motion to appoint counsel, finding that Plaintiff "has offered no convincing reason why the

Court should exercise its discretionary power at this time[.]" (DE 6.) However, since that time, Plaintiff has filed: (1) a January 23, 2018 motion to expedite cataract and glaucoma surgery (DE 24); (2) a February 16, 2018 motion for relief sought, again seeking an operation for cataracts and glaucoma (DE 34); and (3) a March 16, 2018 notice of visual condition, in which he asserts that his visual condition has deteriorated since he filed his complaint and that he "struggles to prosecute this action because of his said condition." (DE 39.) Defendant Corizon has responded to Plaintiff's motions, asserting that it has requested that Plaintiff release a copy of his medical records, but that he has not yet done so, and that Plaintiff has otherwise failed to meet his burden for obtaining preliminary injunctive relief. (DEs 27, 35.) These motions remain pending.

Plaintiff's continuing and claimed worsening of his vision, along with its asserted impact on his ability to prosecute this action, persuades me that recruitment of counsel in this instance would be appropriate.[1] Accordingly, his

---

[1] Although Plaintiff styled his original motion as one for appointment of counsel (DE 3), the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings IFP are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

request for appointment of counsel is **CONDITIONALLY GRANTED**. This case is hereby referred to the Court's *pro bono* administrator. If an attorney is found who will agree to represent Plaintiff in this case, an order of appointment will be entered.

**IT IS SO ORDERED.**

Dated: April 17, 2018

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 17, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti