UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE TAYLOR #112401,

                Plaintiff,                Case No. 2:17-cv-12271
                                              District Judge David M. Lawson
v.                                      Magistrate Judge Anthony P. Patti

CORIZON MEDICAL
CORPORATION and THE
MICHIGAN DEPARTMENT
OF CORRECTIONS,

                Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT
CORIZON HEALTH, INC.'S MOTION TO DISMISS FOR FAILURE TO
EXHAUST ADMINISTRATIVE REMEDIES (DE 28) AND PLAINTIFF'S
FAILURE TO EXECUTE AUTHORIZATIONS OR OTHERWISE
RESPOND TO THE COURT'S SHOW CAUSE ORDER (DE 51)**

**I.**    **RECOMMENDATION**:  The Court should dismiss Plaintiff's complaint

against Corizon Health, Inc. for failure to exhaust administrative remedies (DE 28)

and pursuant to Fed. R. Civ. P. 41(b), or alternatively pursuant to Fed. R. Civ. P.

37(b)(a)(A)(v), for Plaintiff's failure to execute authorizations or otherwise

respond to the Court's show cause order (DE 51).

**II.**    **REPORT**

        **A.**    **Background**

1

Plaintiff Maurice Taylor, a state prisoner who is proceeding without the assistance of counsel, filed this action on July 11, 2017, along with an application to proceed *in forma pauperis*, naming as Defendants Corizon Medical Corporation ("Corizon") and the Michigan Department of Corrections (MDOC).  (DEs 1, 2.)[1] In his complaint, Plaintiff alleges that he is not receiving adequate medical care for his glaucoma and cataracts, and he asserts claims for deliberate indifference to his serious medical needs against Corizon and the MDOC.  (DE 1 at 3.)

On January 23, 2018, Corizon filed a motion to compel discovery from Plaintiff, seeking to compel Plaintiff to respond to Corizon's request for production of documents and return an executed authorization for release of Plaintiff's medical records from the MDOC to Corizon.  (DE 30.)  Plaintiff was ordered to respond to the motion by March 9, 2018 (DE 31), but he did not file a response.

On May 2, 2018, the Court held a status conference with the parties, with Plaintiff appearing via videoconference and attorney Carly A. Van Thomme appearing in person for Corizon. The Court addressed, among other things, Plaintiff's requests for medical care and Corizon's motion to compel seeking execution of medical authorization forms for release of Plaintiff's complete medical records from the MDOC. Notably, Plaintiff explained at the status conference that he had recently learned that cataract surgery had been scheduled,

---

[1] Defendant MDOC has subsequently been dismissed with prejudice.  (DEs 41, 44.)

although (apparently for security reasons, to avoid an escape) he had not been informed of the exact date. Nevertheless, following that status conference, the Court ordered Plaintiff to execute authorizations for release of his complete medical records from the MDOC to counsel for Corizon. That Order further directed the MDOC to release those records expeditiously upon receipt of the executed authorization. (DE 48.)

### B. Instant Motion to Dismiss and Show Cause Order

#### 1. Corizon's Motion to Dismiss (DE 28)

On January 4, 2018, Defendant Corizon filed a motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. (DE 28.) Corizon contends that Plaintiff filed a grievance on July 23, 2015 alleging that he was being neglected by Prison Healthcare Services and that he needed a cataract operation and special shoes, but that the MDOC rejected that grievance at Steps I, II and III for containing multiple issue in violation of PD 09.02.130 ¶G(1). Plaintiff apparently did not take steps to re-file separate grievances or otherwise cure the deficiency. Corizon argues that because the MDOC rejected these grievances instead of providing a merits-based response at all steps, Plaintiff has failed to properly exhaust his administrative remedies.

On January 10, 2018, the Court entered an order requiring a response to Defendant's motion to dismiss by February 9, 2018. (DE 29.) Plaintiff did not file

a response.  Subsequently, in the Court's May 3, 2018 status conference order

addressing, among other things, Plaintiff's requests for medical care and Corizon's

motion to compel seeking execution of medical authorization forms for release of

Plaintiff's complete medical records from the MDOC, the Court clarified that

Plaintiff would not be required to respond to Defendant's pending motion to

dismiss (DE 28) until the Court issued a definitive scheduling order.  (DE 48.)  On

July 5, 2018, the Court issued that order, directing Plaintiff to respond to

Defendant Corizon's motion to dismiss by July 31, 2018.  (DE 55.)  On July 16,

2018, Plaintiff filed a "notice" that he had received eye surgery on his right eye,

"regarding the complaint filed," but that he "remains in his cause for punitive

damages." (DE 56.)  On August 3, 2018, Plaintiff filed a late, one-page response to

Corizon's motion to dismiss, in which he again acknowledges that he received eye

surgery on June 9, 2018, but complains that he "suffered for <u>years</u> from physical

disease of his eyes that could have long been successfully treated and or cured with

sufficient, adequate, and timely medical <u>attention</u>" and that he "remains in his

Cause."  (DE 57 (emphases in original).)

## 2.    May 24, 2018 Order to Show Cause (DE 51)

Immediately following the May 2, 2018 status conference, the Court issued

an Order addressing Corizon's motion to compel discovery.  As discussed with the

parties during the status conference, the Court directed Plaintiff to execute the

authorizations provided by Corizon for release of his complete medical records from the MDOC to counsel for Corizon by May 16, 2018.  (DE 48.)  On May 22, 2018, Corizon submitted a notice of Plaintiff's failure to comply with the Court's status conference order, asking the Court to dismiss Plaintiff's claims for failure to comply with the Court's directive or issue a show cause order.  (DE 50.)  The Court then entered an order to show cause stating that Plaintiff "**SHALL**, no later than **Monday, June 8, 2018**," either (1) properly execute and return the authorization to Corizon, or (2) show cause, in writing, as to why this case should not be dismissed for failure to respond to discovery.  (DE 51 (emphases in original).)  The Order further stated that **"Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of this lawsuit."**  (*Id.* (emphasis in original)).  Plaintiff has failed to respond to the show cause order, and Corizon confirmed that it has not received an executed authorization from Plaintiff, which puts it at an enormous disadvantage in defending this claim on the merits. (DE 54.)

### C.   Motion Standards

#### 1.   Corizon's Unenumerated "Motion to Dismiss" will be Treated as a Motion for Summary Judgment

Defendant filed this motion as an unenumerated motion to dismiss.  A prisoner's failure to exhaust administrative remedies is an affirmative defense, which a defendant must plead and prove.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).

5

"[B]ecause a plaintiff need not anticipate or plead around an exhaustion defense, that defense usually may not be addressed in a motion under Rule 12(b)(6) for failure to state a claim." *Anderson v. Jutzy*, 175 F.Supp.3d 781, 786 (E.D. Mich. 2016) (Lawson, J.) (citing *Jones*, 549 U.S. at 215). Rather, "the exhaustion affirmative defense may be raised by a motion for summary judgment if the defendant successfully demonstrates that no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law on that defense." *Id.* at 787. Accordingly, in this Court, summary judgment under Rule 56 is the more appropriate procedural vehicle to consider whether a prisoner has exhausted his administrative remedies. *See id.* at 788 (collecting cases from the Second, Third, Fifth, Seventh and Ninth Circuits which use a motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion, to resolve the question of whether a prisoner has failed to exhaust administrative remedies under the PLRA).

## 2.    Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts

6

in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not lessen his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming

8

grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

### 3.   Fed. R. Civ. P. 37 and 41

Fed. R. Civ. P. 41 and Local Rule 41.2 govern the "dismissal of actions." With respect to involuntary dismissals, Rule 41 provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").  In addition, Rule 37(b)(2)(A) provides that where a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders[,]" including, but not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, ... striking pleadings in whole or in part[,] ... dismissing the action or proceeding in whole or in part[,] ... [or] rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A).

The Sixth Circuit is guided by four factors in determining a Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute or a Rule 37(b)(2)(A) dismissal:

> (1)    whether the party's failure is due to willfulness, bad faith, or fault;
>
> (2)    whether the adversary was prejudiced by the dismissed party's conduct;

(3)    whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4)    whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.,* 138 F.3d 612, 615 (6th Cir.1998)); *see also United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (applying the same four factors when determining whether a plaintiff's complaint should be dismissed or default judgment rendered pursuant to Rule 37). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980)).

**D.    Exhaustion of Administrative Remedies**

**1.    Exhaustion Under the PLRA**

Under the PLRA, a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted this provision to address the "outsized share" of prisoner litigation filings and to ensure that "the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones*, 549 U.S. at 203.  Put another way, the purpose of § 1997e(a) is to "reduce

10

the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). In addition, exhaustion "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks and citations omitted).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court." *Jones*, 549 U.S. at 211. The prison's grievance process determines when a prisoner has properly exhausted his or her claim. *Id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Even where a prisoner has made some attempts to go through the prison's grievance process, "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The prisoner "may not exhaust his [or her] administrative remedies during the pendency of the federal suit." *Id.* (citations omitted); *see also Woodford*, 548 U.S. at 95 ("A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .").

11

However, "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint and add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim." *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017). Moreover, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  Instead, failure to exhaust administrative remedies is an affirmative defense under the PLRA.  As such, Defendants bear the burden of proof on exhaustion.  *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.").

When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims.  *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). However, § 1997e(c)(2) allows a court to dismiss a claim on the merits despite a prisoner's failure to exhaust his administrative remedies.  42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."); *see also Bowen v. Cady*, No. 09-10414, 2010 WL 148843, at *3 n.2 (E.D. Mich. Jan. 13, 2010) ("Although [§ 1997e(c)(2)] directly addresses a claim for relief that fails to state a claim on its

face, it is equally applicable where the case has already progressed to the summary judgment stage."); *see also Williams v. Moore*, 34 F. App'x 475, 476 (6th Cir. 2002) ("exhaustion does not need to be considered where the claim fails to state a claim upon which relief can be granted."). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004).

### 2.   Grievance Procedures at the MDOC

Pursuant to its Policy Directive 03.02.130, dated July, 9, 2007, the administrative remedies available at the MDOC are as follows. First, the prisoner must attempt to resolve any issue with the staff member involved within two business days of becoming aware of a grievable issue. (DE 16-2, ¶P.) If the issues are not resolved within five business days, the prisoner may file a Step I grievance using the appropriate form. (*Id.*) "Dates, times, places, and names of all those involved in the issue being grieved are to be included." (*Id.* at ¶R.) The prisoner should receive a response within fifteen business days of filing the grievance. (*Id.* at ¶X.)

If the prisoner is dissatisfied with the disposition of the grievance, or does not receive a response by ten business days after the due date, he or she may file a Step II grievance using the appropriate form. (*Id.* at ¶ BB.) As with Step I, a response to the Step II grievance should be issued within fifteen business days.

(*Id.* at ¶CC.) Similarly, if the prisoner is dissatisfied with the Step II response or does not receive a response by ten business days after the response was due, he or she may file a Step III grievance.  (*Id.* at ¶ FF.)  The matter is fully exhausted after the disposition of the Step III grievance.  *Surles*, 678 F.3d at 455 ("A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted.").

     **E.**    **Analysis**

           **1.**    **Defendant Corizon's motion for summary judgment for failure to exhaust administrative remedies should be granted**

According to the MDOC Prisoner Step III Grievance Report, Plaintiff filed six grievances through Step III.  (DE 28-1 at 1-2.)  Defendant argues that only one of these grievances, TCF-15-07-0348-28c, received on July 23, 2015, is at issue. Grievance TCF-15-07-0348-28c alleges that Plaintiff was being neglected by Prison Healthcare Services, and that he is in need of a cataract operation in his right eye.  Plaintiff also complains that he needs shoes that do not aggravate serious foot fungus on both of his feet.  (DE 28-1 at 3-8.)  The MDOC rejected this grievance at Step I for containing multiple issues in violation of PD 03.02.130 ¶ G(1), and denied the grievance at Step II, stating that Plaintiff "is trying to capture both issues by throwing a broad blanket over both issues that aren't really related."

On October 19, 2015, the MDOC again rejected the grievance at Step III in accordance with PD 03.02.130. (*Id.*)

The PLRA requires proper exhaustion. *See Woodford*, 548 U.S. at 92 (concluding that if a prisoner fails to file a procedurally proper grievance, he fails to satisfy the PLRA's exhaustion requirement). "[P]roper exhaustion of administrative remedies … means using all steps that the agency holds out, and doing to *properly*, (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90. "[I]t is the prison's requirements … that define the boundaries of proper exhaustion. *Jones*, 549 U.S. at 281. As long as the prison "clearly rejects a grievance for a reason explicitly set forth in the applicable grievance procedure, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust." *Burnett v. Howard*, No. 2:09-CV-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010) (internal quotation marks and citation omitted). Thus, when a prisoner fails to file a procedurally proper grievance, he fails to satisfy the PLRA's exhaustion requirement. *Id.*

Here, Plaintiff's grievance was not considered on the merits but was rejected as procedurally improper, and thus it did not properly exhaust any claim against Defendant Corizon. *See Richmond v. Settles*, 450 F. App'x 448, 457 (6th Cir. 2011). Plaintiff filed a late, one-page response to Corizon's motion in which he acknowledges that he received eye surgery on June 9, 2018, but complains that he

15

has "suffered for years," "as far back as 2011," and that he "remains in his Cause." (DE 57.)  However, he wholly failed to address the exhaustion of administrative remedies defense at issue or otherwise present any evidence that he has in fact properly exhausted his administrative remedies.  Accordingly, Corizon's motion should be granted and Plaintiff's claims against Corizon should be dismissed for failure to exhaust administrative remedies.

> **2.    In addition, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b), or alternatively, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).**

In this matter, analysis of the four factors the Court looks to for guidance in determining a Fed. R. Civ. P. 41(b), or Fed. R. Civ. P. 37(b)(2)(A)(v), dismissal overwhelmingly supports dismissal. Plaintiff has refused to execute authorizations for the release of his medical records as requested by Corizon through discovery served on December 13, 2017 and as *twice* ordered by the Court, demonstrating sufficient delay or contumacious conduct to support dismissal.  *See Knoll*, 176 F.3d at 363.

First, Plaintiff has demonstrated sufficient "willfulness, bad faith or fault" to support dismissal.  *See Reyes*, 307 F.3d at 458.  At the May 2, 2018 status conference with the parties, the Court addressed Corizon's pending motion to compel discovery from Plaintiff, in which Corizon sought an order directing Plaintiff to respond to its request for production of documents and to execute

16

medical authorization forms, and directed Plaintiff to execute the authorizations for release of his complete medical records from the MDOC to counsel for Corizon. (DE 51 at 2.) The Court subsequently entered an order directing Corizon to re-send an authorization form to Plaintiff, and directing Plaintiff to properly execute and return the form to counsel for Corizon by May 16, 2018. (DE 48.) On May 22, 2018, Corizon submitted a notice confirming that it had mailed a new authorization form to Plaintiff on May 2, 2018 (immediately after the status conference), informing that Court of Plaintiff's failure to comply with the Court's status conference order, and requesting that the Court dismiss Plaintiff's claims with prejudice or order Plaintiff to show cause as to why his claims against Corizon should not be dismissed for violation of this Court's order. (DE 50.) The Court construes this as a motion to dismiss under Rule 41(b), or alternatively, for the sanction of dismissal under Rule 37(b)(2)(A)(v).

On May 24, 2018, the Court entered an order finding, *at that time*, that the requested dismissal was too severe a sanction under Rule 37(b)(2)(A), because Plaintiff had not been warned that failure to comply with the Court's order could result in such a harsh sanction. (DE 51.) Rather, the Court issued an order that Plaintiff shall, by June 8, 2018, either (1) properly execute and return the authorization form to counsel for Corizon, or (2) show cause in writing as to why this case should not be dismissed for failure to respond to discovery. (*Id.*) The

17

Court further expressly stated that "**Plaintiff is cautioned that failure to comply with this order may result in the dismissal of this lawsuit**." (*Id.* (emphasis in original).)  Plaintiff did not execute and return the authorization to counsel for Corizon (DE 54), and did not otherwise respond to the Court's show cause order and show cause in writing why this case should not be dismissed.  Accordingly, Plaintiff has demonstrated a clear record of delay or contumacious conduct justifying dismissal. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (holding that failure to respond to discovery requests and the court's subsequent order constitutes contumacious conduct).

Further, Corizon has been prejudiced in its defense of this matter by Plaintiff's refusal to execute and return the authorization for release of his medical records.  At the May 2, 2018 status conference, Plaintiff questioned Corizon's need for his complete medical record.  However, the Federal Rules of Civil Procedure and this Court's orders entitle Corizon to these records, but that was denied due to Plaintiff's discovery misconduct. Moreover, the Court explained at the status conference the various reasons why a complete medical record was necessary, for example, to explore whether Plaintiff was a good candidate for surgery, risk factors to surgery, prior history, etc.  It is difficult to imagine how this claim could be fairly or successfully defended on the merits without access to Plaintiff's medical

18

record, which he steadfastly refuses to release. Accordingly, the prejudice factor weighs heavily in favor of dismissal of this action.

A district court does not abuse its discretion "by ordering dismissal as the first and only sanction[,]" where there is "sufficiently egregious conduct[.]" *Harmon*, 110 F.3d at 369; *see also Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) ("There is no magic-words prerequisite to dismissal under Rule 37(b)[.]"). Here, Plaintiff was sufficiently warned that he was facing possible dismissal of this action in the Court's May 24, 2018 show cause order, and provided with a reasonable period of time to comply. Plaintiff did not execute and return the authorization or otherwise respond to the Court's show cause order, and no lesser sanction is warranted. I therefore recommend that the Court dismiss Plaintiff's action under Rule 41(b) and E.D. Mich. LR 41.2, or alternatively under Rule 37(b)(2)(A)(v).

### F.    Conclusion

Accordingly, the Court should **GRANT** Defendant Corizon's motion for summary judgment and dismiss Plaintiff's claims against it for failure to exhaust administrative remedies. Further, Plaintiff's complaint should be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for Plaintiff's failure to execute authorizations or otherwise respond to the Court's show cause order, or alternatively, pursuant to Rule 37(b)(2)(A)(v).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated: August 8, 2018        s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing documents was sent to parties of record on August 8, 2018, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti