UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE TAYLOR,

       Plaintiff,                                 Case Number 17-12271
v.                                                   Honorable David M. Lawson
                                                                 Magistrate Judge Anthony P. Patti
CORIZON MEDICAL CORPORATION,

       Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING COMPLAINT, AND DENYING PLAINTIFF'S MOTION FOR MONETARY AWARD

Plaintiff Maurice Taylor, a Michigan prisoner, filed a *pro se* complaint against defendant Corizon Medical Corporation ("Corizon"), a healthcare provider contracted to furnish medical services at the Thumb Correctional Facility, alleging that Corizon violated his Eighth Amendment right to be free from cruel and unusual punishment when Corizon denied him a cataract operation on his right eye. The plaintiff alleged that Corizon maliciously has deprived him of adequate medical treatment of his glaucoma and cataracts for several years. The Court referred this case to Magistrate Judge Anthony P. Patti for pretrial management.

Presently before the Court is the report issued on August 8, 2018 by Judge Patti under 28 U.S.C. § 636(b), recommending that the Court grant the defendant's motion to dismiss the complaint for failure to exhaust administrative remedies, or alternatively, dismiss the case under Federal Rule of Civil Procedure 37(b)(2)(A)(v) based on the plaintiff's failure to comply with the Court's order to execute authorizations for the release of his complete medical records from the Michigan Department of Corrections. The report stated that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report.

On August 20, 2018, the plaintiff filed a document styled as a "motion for monetary award in the amount sought and treatment sought," renewing his request for relief and asserting that "by policy no exhaustion is required regarding serious medical needs, as in this instance." *See* [dkt. #59]. The Court generously will treat the plaintiff's *pro se* filing as a timely objection. The objection, however, is unresponsive and does not state any grounds for rejecting the magistrate judge's recommendation.

As noted above, this case was referred to a magistrate judge for initial review under 28 U.S.C. § 636(b)(1)(B). That statute affords the magistrate judge the limited power to hear arguments and furnish this Court with a report and a recommended disposition. The magistrate judge's decision does not become a final decision unless it is adopted by the Court. But if no objections are filed, the Court generally will adopt the magistrate judge's recommendation as its final decision.

If objections are filed, the Court will give fresh review "of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). That review entails a re-examination all of the relevant evidence previously considered by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

Those objections, however, must be specific. The idea is that they "provide[ ] the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to

the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff's objection fails to identify any specific findings that suggest that the magistrate judge's reasoning or application of the law was faulty. The Sixth Circuit has stated that "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Although the failure to object properly to the magistrate judge's report releases the Court from its duty to review the matter independently, *Thomas*, 474 U.S. at 149, the Court agrees with the findings and conclusions of the magistrate judge.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #58] is **ADOPTED**.

It is further **ORDERED** that the defendant's motion to dismiss the complaint [dkt. #28] is **GRANTED**.

It is further **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

It is further **ORDERED** that the plaintiff's motion for monetary award in the amount sought and treatment sought [dkt. #59] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: September 10, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI